IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELA SAMPLE, and
DAYNE SAMPLE,

    Plaintiffs,

v.                                      No. Civ. 1:23-cv-00865-SMD-KRS

ASHFORD TRS SANTA FE, LLC,

    Defendant.

**ORDER DENYING [104] MOTION TO COMPEL**

THIS MATTER is before the Court on the Motion to Compel Discovery (Doc. 104), filed by Plaintiffs Angela Sample and Dwayne Sample.

The Court previously denied two other motions related to discovery filed by Plaintiffs because the deadline for motions related to discovery has expired. *See* (Doc. 102 (denying Doc. 90, Motion to Strike Deposition Testimony and For A Protective Order, and Doc. 91, Plaintiffs' Motion to Compel Production of Documents)). Like Plaintiffs' previous two motions related to discovery, the current motion to compel is untimely, and therefore will be denied. *See* (Doc. 48 Order extending deadline to file motions related to discovery to September 26. 2025).

The current motion to compel also is denied because it omits recitation of a good-faith request for concurrence, as required by D.N.M. LR-Civ. 7.1(a). The Court denied Plaintiffs' previous discovery motions on this ground as well. *See* (Docs. 102, 103). The Local Rule requirement is distinct from the good-faith conferral requirement in Rule 37(a)(1), which Plaintiffs cite in their motion. The Local Rule requires a party to advise opposing counsel prior to filing a motion that the party intends to file the motion, and to ask opposing counsel whether he or she will agree to the motion. The filing party must state in the motion what the opposing party's position

is on the motion as conveyed by the opposing party prior to the motion being filed. Plaintiffs' prior exchange with opposing counsel shown in the email attached to the current motion to compel as Exhibit A relates to a different case. Moreover, it does not inform Defendant that Plaintiffs were going to file the present motion to compel while seeking Defendant's position on the motion. Plaintiffs have already been forewarned once that continuing failures to comply with the rules of procedure and/or orders of this Court may result in monetary and non-monetary sanctions, which may include filing restrictions and dismissal of this case. *See* (Doc. 96, Order Granting Plaintiffs Leave to File Electronically, at 3). The Court may also strike the non-complying documents. *See Ysais v. N.M. Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) ([c]ourt may choose to strike a filing that is not allowed by local rule) (quotations omitted); *see also Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules). When courts strike a filing as improperly filed, it becomes "a nullity." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (footnote omitted) (quoting *Synnestvedt v. Astrue,* No. 09-443, 2010 WL 125649, *1 n.3 (W.D. Okla. Jan. 7, 2010)). Plaintiffs are forewarned that future filings that do not comply with D.N.M. LR-Civ. 7.1(a) will be stricken.

      The Court is particularly concerned with Plaintiffs' continued failures to comply with D.N.M. LR-Civ. 7-1(a) because the present motion could have been avoided had Plaintiffs consulted with Defendant before they filed the motion. Plaintiffs raised the issue of missing documents or pages in documents produced by Defendants at the hearing on October 23, 2025. *See* (Doc. 89). At that time, counsel for Defendant responded to Mr. Samples' statements about

missing documents, indicating that the documents in question are in the possession of Hilton Hotels, a different entity from Defendant and a non-party to this case. Federal Rule of Civil Procedure 34 only requires a party to produce documents that are within that party's "possession, custody, or control." Plaintiffs' motion to compel seeks "The complete Investigation Report from Jody Almendarez **of Hilton Worldwide INC Executive Customer Relations**, dated November 26, 2022" and "The Incident Report **from the Hilton Diamond Customer** regarding the call on November 26, 2022." (Doc. 104 at 2). The defendant in this case is Ashford TRS Santa Fe, LLC. While Hilton Worldwide Holdings, Inc. was at one time also a named defendant, it has not been a party to this case since November 6, 2023, when Plaintiffs filed an amended complaint that named only Ashford TRS Santa Fe, LLC. *See* (Doc. 9). Plaintiffs were informed at the October 23 hearing that these documents are not in Ashford TRS Santa Fe, LLC's possession, custody or control, yet proceeded with filing a motion to compel Ashford TRS Santa Fe, LLC to produce documents it does not have. The motion to compel lacks merit. What's more, Defendant might have alerted Plaintiffs to the aforementioned defects in the motion had Plaintiffs consulted with defense counsel prior to filing it.

The motion also seeks missing pages from a document that apparently was produced by Ashford TRS Santa Fe, LLC in this litigation. But the Court will not compel production of those missing pages because the motion to compel is untimely, and because Plaintiffs failed to consult with Defendant prior to filing the motion. Plaintiffs were aware from the Court's previous orders on their other discovery motions of both these obstacles to their motion prior to filing the motion. Therefore, Plaintiffs will not be excused from complying with previously imposed deadlines or the conferral requirement, and in the future they may be sanctioned for filing motions that continue to ignore the Court's previous rulings in which Plaintiffs were made aware of those deadlines and

requirements. *See* Fed. R. Civ. P. 11(b)(1), (2) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

Nevertheless, if the document produced by Ashfrod TRS Santa Fe, LLC was in fact missing the pages identified by Plaintiffs in their motion, the Court believes, as a matter of professional courtesy, Defendant should either provide Plaintiffs with the missing pages or explain to Plaintiffs (preferably by email, so it is in writing) why the pages in question are not "missing" or else cannot be produced. Again, had Plaintiffs consulted with Defendant prior to filing the motion, the matter might have been resolved in a similar fashion without the need for the Court to get involved.

Plaintiffs are once again reminded of their duty to comply with all rules of procedure and orders of the Court.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

*Guide for Pro Se Litigants* at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: *http://www.nmd.uscourts.gov*.

Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) ) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

*Olsen*, 333 F.3d at 1204. Plaintiffs are again reminded that the Court may recommend that the case be dismissed if, going forward, Plaintiffs do not comply with court orders or applicable rules of procedure.

IT IS ORDERED that Plaintiffs' Motion to Compel Discovery (**Doc. 104**), is **DENIED**.

THIS 28th day of October 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE