UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


ANGELA SAMPLE and DWAYNE SAMPLE,

Plaintiffs,


v.


ASHFORD TRS SANTA FE, LLC,

Defendant.


Case No. 1:23-cv-00865-SMD-KRS


**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT NARROW REQUEST FOR CHAMBERS-CONFLICT CLARIFICATION UNDER 28 U.S.C. § 455**


Plaintiffs Angela Sample and Dwayne Sample, proceeding pro se, respectfully move for leave to submit this narrow request for clarification concerning potential chambers conflicts.


Plaintiffs file this motion because the Court has entered filing restrictions concerning discovery-related filings. Plaintiffs do not seek to violate those restrictions, reopen discovery, file a new discovery motion, seek sanctions, or accuse the Court, chambers staff, counsel, any witness, or any party of misconduct.


Plaintiffs seek only limited clarification to preserve the appearance of impartiality and public confidence in the proceedings. Under 28 U.S.C. § 455(a), a federal judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The Code of Conduct for Judicial Employees likewise emphasizes that judicial employees should uphold the integrity and independence of the judiciary and avoid conduct that could undermine public confidence. Federal judicial ethics guidance also recognizes potential concerns where a judicial employee's close relative is connected to a party, law firm, material witness, or interest affected by a case.


Plaintiffs recently encountered information suggesting that one or more individuals sharing surnames with a material witness or other persons connected to this matter may have had professional,

governmental, legal, or court-related roles in New Mexico. Plaintiffs do not assert that any such person is employed in chambers, related to any witness, or involved in this case. Plaintiffs raise the issue only because any familial, household, financial, employment, or close personal relationship between chambers personnel and a party, counsel, material witness, or hotel employee involved in this case could bear on disclosure, screening, reassignment, or recusal considerations.

Accordingly, Plaintiffs respectfully request leave to ask the Court to confirm whether any chambers staff assigned to, assisting with, or otherwise involved in this case has a familial, household, financial, employment, or close personal relationship with any party, counsel, material witness, or hotel employee involved in this matter, including but not limited to Peter Messerer.

If no such relationship exists, Plaintiffs request that the Court simply state that no known chambers conflict exists. If such a relationship does exist, Plaintiffs respectfully request that the Court disclose the nature of the relationship on the record or take whatever screening, reassignment, or recusal action the Court deems appropriate.

Plaintiffs emphasize that this request is made in good faith, for clarification only, and not as an accusation. Plaintiffs seek guidance from the Court on the proper procedure to raise this limited concern without violating the existing filing restriction.

**WHEREFORE**

Plaintiffs respectfully request that the Court grant leave to submit this narrow request for chambers-conflict clarification, or alternatively treat this filing solely as a request for guidance on the proper procedure to raise a potential chambers-conflict issue under the existing filing restriction.

Respectfully submitted,

/s/ Angela Sample

Angela Sample, Pro Se Plaintiff

/s/ Dwayne Sample

Dwayne Sample, Pro Se Plaintiff

Date: __April 27, 2026_____

**CERTIFICATE OF SERVICE**

I certify that on __April 27, 2026_____, I filed the foregoing using the Court's CM/ECF system, which will send notice to all counsel of record.

Donna Chapman & Elizabeth Perkins