**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ANGELA SAMPLE and
DWAYNE SAMPLE,

      Plaintiffs,

v.                                         **Case No. 1:23-cv-00865-SMD-KRS**

ASHFORD TRS SANTA FE, LLC

      Defendant.

**ASHFORD TRS SANTA FE, LLC'S MOTION TO STRIKE, FOR SANCTIONS AND IN THE ALTERNATIVE, RESPONSE IN OPPOSITION**

Ashford TRS Santa Fe, LLC, ("Ashford") by and through its counsel, Quintairos, Prieto, Wood & Boyer, P.A. (Donna L. Chapman and Elizabeth Perkins) respectfully moves this Court to strike Plaintiff's Motion for Leave (Doc. 188 and the accompanying Notice of Compliance Doc. 189), impose sanctions and grant such further relief as appropriate. Concurrence on this motion was sought from Plaintiffs and Plaintiffs oppose this motion. In support, Ashford states as follows.

**I.      Introduction**

Plaintiffs filed their Motion for Leave in direct violation of this Court's orders and the Local Rules by failing to seek concurrence prior to filing and then attempting to cure that defect only after filing. Compounding this violation, Plaintiffs used the Motion as a vehicle to pursue information from Ashford that constitutes discovery, despite discovery being closed and without leave of Court. *See* Exhibit 1. Plaintiffs' conduct reflects repeated noncompliance with procedural rules and Court directives, has caused unnecessary expenditure of resources and the Court's time, and interferes with the orderly progression of this case. Sanctions are warranted under the Federal Rules of Civil Procedure and the Court's inherent authority.

## II.    Plaintiffs Violated Local Rule 7.1(a) and Court Orders

Local Rule D.N.M. LR-Civ 7.1 (a) requires a movant to determine whether a motion is opposed before filing.  Plaintiffs admit they failed to seek concurrence on their Motion before filing.  *See* Doc 189, Notice of Compliance. Courts within this district routinely strike motions for failure to comply with D.N.M. LR-CIV 7.1.(a).

This failure is not an isolated oversight.  The Court has previously instructed Plaintiffs, both in written orders (Docs 96, 105) and in oral admonitions, to comply with procedural requirements, including the duty to confer.  Further, this Court has previously advised Plaintiffs of their duties as pro se litigants to follow the same rules of procedure as any other litigant.

Plaintiffs belated "Notice of Compliance" does not cure the violation.  Courts routinely reject attempts to retroactively satisfy concurrence requirements after a motion is filed.  Plaintiffs' conduct therefore violates both the Local Rules and explicit Court directives, warranting relief under the Federal Rules of Civil Procedure.

Here, Plaintiffs note that defense counsel *opposes* the relief requested and demanded that Plaintiffs withdraw the filing.  While Plaintiffs may have inferred Ashford opposed, the question was *never* asked prior or after filing the Motion.  In fact, defense counsel never gave Plaintiffs a position on the *already and inappropriately filed motion*.

## III.    Plaintiffs Improperly Sought Discovery After The Close of Discovery

Although Plaintiffs assert their Motion does not seek discovery, their conduct and communications demonstrate otherwise.  After filing their Motion, Plaintiffs requested Defendants provide information regarding:

- Relationships between the parties, witnesses, and individuals associated with the Court's chambers; and

- The relationship between specific individuals identified in the case, but who are non-parties. *See* Exhibit 1.

These requests fall squarely within the scope of discovery as defined by Federal Rule of Procedure 26, as they seek information from a party concerning facts potentially relevant to the case. Discover in this matter has closed. Plaintiffs have not moved to reopen discovery, not demonstrated good cause under Rule 16(b) and not identified any change in circumstances justifying such requests. Allowing Plaintiffs to obtain this information outside the discovery process would prejudice Ashford and undermine the integrity of the Court's scheduling order by permitting one party to bypass deadlines that bind all litigants equally.

Regardless of how Plaintiffs characterize their requests, the substance controls. These are discovery requests are made outside the discovery period and in violation of the Court's scheduling order.

Further, Plaintiffs have made no showing of "good cause" under Rule 16(b) to modify the scheduling order. To modify a scheduling order, a party must demonstrate "good cause." *See* Fed.R.Civ.P. 16(b)(4). Good cause requires a showing that deadlines could not be met despite diligent efforts. Here, Plaintiffs do not identify any newly discovered facts or changed circumstances and instead the information sought concerns individuals and relationships that have existed throughout the litigation. Plaintiffs' request is thus improper.

## IV. Plaintiffs' Conduct Warrants Sanctions

Ashford complied with its obligations by promptly advising Plaintiffs of the procedural deficiencies and requesting withdrawal of the improper filing, which Plaintiffs declined. *See* Exhibit 1. This Court has authority to impose sanctions under Federal Rule of Civil Procedure 16(f) for Plaintiffs' failure to obey scheduling or pretrial orders; under Federal Rule of Civil

Procedure 37(b)(2)(A) for failure to comply with discovery-related orders; and the Court's inherent authority to manage proceedings and deter improper conduct. Plaintiffs' filings require the Court to expend limited judicial resources addressing issues that should have been resolved through compliance with the Local Rules and the prior Court directives.  Such conduct undermines the efficient administration of justice.

Plaintiffs' conduct has once again required Ashford to expend time and resources responding to procedurally improper filings and requests that should not have been made. Plaintiffs' actions undermine the Court's scheduling order and disrupt the orderly progression of the case by attempting to inject new issues after discovery is closed.  Plaintiffs were on clear notice of their obligations through prior Court orders and admonitions and nonetheless failed to comply. This is not a situation involving ambiguity in the rules or error, as Plaintiffs were on notice of their obligations, were reminded of those obligations by both the Court and opposing counsel and nonetheless proceeded in a manner inconsistent with those requirements.  Such conduct warrants corrective action to ensure adherence to the Court's orders and to preserve the integrity of the scheduling framework governing this case.  Lesser sanctions, including striking the filings and awarding fees, are appropriate at minimum.  However, this continued noncompliance warrants more severe sanctions, up to and including dismissal of the case in its entirety with prejudice. While dismissal is an extreme sanction, it is appropriate in light of Plaintiffs' continued misconduct.

Given Plaintiffs' violations, the Court is requested to:

- Strike Plaintiffs' Motion for Leave (Doc. 188) and Notice of Compliance (Doc. 189) as procedurally improper;

- Prohibit Plaintiffs from seeking further information from Ashford outside proper procedural channels, particularly given the close of discovery;

- Award monetary sanctions, including Ashford's reasonable attorneys' fees and costs incurred in responding to Plaintiffs' improper filings and requests; and in the alternative,

- Given the continued or escalating noncompliance, consider additional sanctions up to and including dismissal with prejudice.

## V.     Conclusion

Plaintiffs have disregarded the Local Rules, violated this Court's orders, and attempted to pursue discovery outside the bounds of the scheduling order.  Their conduct is not harmless and warrants corrective action as requested herein.

Respectfully Submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: */s/ Donna L. Chapman*
         Donna L. Chapman
         Elizabeth G. Perkins
6565 Americas Parkway NE, Suite 200
Albuquerque, NM 87110
Phone: (505) 785-7012
Fax: (505) 785-7013
Email: elizabeth.perkins@qpwblaw.com
         donna.chapman@qpwblaw.com

*Attorneys for Defendant Ashford TRS Santa Fe, LLC*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 28, 2026, pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing was filed via EM/ECF, causing a copy to be served upon all counsel of record, and delivered via electronic mail:

Dwayne Sample
3908 Ryedale Way
Colorado Springs, CO 80922
Dsample1378@gmail.com
*Plaintiff pro se*

Angela Sample
3908 Ryedale Way
Colorado Springs, CO 80922
am.sigismondi@gmail.com
*Plaintiff pro se*

By:  */s/ Donna L. Chapman*
        Donna L. Chapman

6