| | |
|---|---|
| **From:** | Dwayne Sample <dsample1378@gmail.com> |
| **Sent:** | Monday, April 27, 2026 1:40 PM |
| **To:** | Dwayne Sample; Donna Chapman; Elizabeth Perkins; Abel Romero; Angela Sample |
| **Subject:** | Reply decline to withdraw |
| **Categories:** | Litify |

Dear Ms. Chapman,

Plaintiffs do not agree that the filing is a discovery request. Plaintiffs are not seeking discovery from Defendants, reopening discovery, or requesting that Defendants investigate chambers staff.

The filing is a narrow request directed to the Court for clarification concerning potential appearance-of-impartiality issues under 28 U.S.C. § 455. Plaintiffs raised the issue in good faith and without accusing Defendants, counsel, the Court, or chambers staff of misconduct.

Because the issue concerns the Court's own conflict-screening and disclosure obligations, Defendants' objections based on Rule 26, proportionality, burden, and discovery deadlines do not address the purpose of the filing.

Plaintiffs also note that Defendants' response confirms they do not know the identities of all chambers staff and are therefore not in a position to verify or deny the issue raised.

Plaintiffs respectfully decline to withdraw the filing at this time. Plaintiffs remain willing to clarify on the record that the filing is not intended as discovery against Defendants and seeks only Court guidance or disclosure as appropriate.

Respectfully,
Angela Sample and Dwayne Sample
Pro Se Plaintiffs



EXHIBIT
1

1

| | |
|---|---|
| **From:** | Donna Chapman |
| **Sent:** | Monday, April 27, 2026 1:25 PM |
| **To:** | Dwayne Sample; Angela Sample |
| **Cc:** | Abel Romero; Elizabeth Perkins |
| **Subject:** | Sample, Angela et. al - Improper inquiries |
| | |
| **Categories:** | Litify |

Good afternoon, Mr. Sample:

We write regarding Plaintiffs' continued noncompliance with the Court's rules and prior orders. As you know, the Court has directed Plaintiffs **at least twice** to comply with Rule 7.1. *See Docs. 96 and 105*. Plaintiffs' latest filing was *again* submitted without seeking concurrence, in violation of D.N.M. LR-Civ. 7.1(a). Courts in this District routinely strike such filings. *See* D.N.M. LR-Civ. 7.1(a). If the pleading is not withdrawn, Defendants will move to strike per Fed. R. Civ. P. 12(f) and will seek appropriate relief, including fees, particularly given Plaintiffs' repeated disregard of prior Court directives.

Second, Plaintiffs ask that Defendants identify whether any individual involved in this matter has any relationship with anyone employed in Magistrate Judge Kevin R. Sweazea's chambers. Defendants do not know the identities of all chamber staff, and Plaintiffs' request is neither specific nor workable. Discovery must be framed with reasonable particularity and cannot rest on speculation. *See Regan-Touhy v. Walgreen Co*., 526 F.3d 641, 649 (10th Cir. 2008).

Third, discovery is <u>closed</u>. Plaintiffs have not sought modification of the scheduling order or demonstrated diligence or good cause. Courts strictly enforce scheduling deadlines. *See  Federal Rules and Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014).

Fourth, the request does not relate to any claim or defense and falls outside the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1).

Fifth, the request is overly broad and unduly burdensome. It would require extensive inquiry across numerous individuals, including current and former hotel employeeswith no connection whatsoever to the claims at issue. Such a burden far outweighs any conceivable benefit and is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26.

Finally, Plaintiffs inquire into the relationship between Peter Messerer and Leigh Messerer. Discovery has closed, Mr. Messerer is not a party in this matter, and the request is neither relevant nor proportional. *See* Fed. R. Civ. P. 26(b)(1). Courts do not permit such collateral inquiries absent a clear nexus to the claims or defenses at issue.

Please advise by 5 p.m. MST today whether Plaintiffs will withdraw their motion. Absent withdrawal, Defendants will proceed with their Motion to Strike, and request appropriate relief, including but not limited to costs and fees in having to respond to this email and to the motion, preparation for arguing the motion and appearance at any hearing the Court sets.



**Donna Chapman | Managing Partner - Albuquerque Office**
**Quintairos, Prieto, Wood & Boyer, P.A.**
6565 Americas Parkway NE, Suite 200, Albuquerque, NM 87110
Ph: (505) 785-7012 ext. 6701  Fax: (505) 785-7013
Email: donna.chapman@qpwblaw.com
**qpwblaw.com**

Alabama ◆ Arizona ◆ California ◆ Colorado ◆ Connecticut ◆ Florida ◆ Georgia ◆ Idaho ◆ Illinois ◆ Indiana ◆ Kentucky ◆ Louisiana ◆ Maryland ◆ Massachusetts ◆ Mich
Missouri ◆ Nevada ◆ New Jersey ◆ New Mexico ◆ New York ◆ North Carolina ◆ Ohio ◆ Oregon ◆ Pennsylvania ◆ Rhode Island ◆ Tennessee ◆ Texas ◆ USVI ◆ Utah

**QPWB is committed to providing the best client experience possible.**
Please **contact client support** with any issues or questions regarding your service.

---

**From:** Dwayne Sample <dsample1378@gmail.com>
**Sent:** Monday, April 27, 2026 9:05 AM
**To:** Dwayne Sample <dsample1378@gmail.com>; Donna Chapman <donna.chapman@qpwblaw.com>; Angela Sample <am.sigismondi@gmail.com>; Abel Romero <abel.romero@qpwblaw.com>; Elizabeth Perkins <elizabeth.perkins@qpwblaw.com>
**Subject:** Case 1:23-cv-00865-SMD-KRS

Dear Ms. Chapman,

I hope you are well.

I am writing to make a limited, good-faith inquiry for clarification purposes only. Plaintiffs do not assert or assume any facts, and this request is not intended as an accusation or to expand discovery beyond the Court's current restrictions.

Specifically, Plaintiffs seek to confirm whether any individual involved in this matter—including parties, counsel, witnesses, or hotel employees—has any familial, household, financial, or close personal relationship with any person employed in the chambers of Magistrate Judge Kevin R. Sweazea.

In addition, without asserting that any such relationship exists, Plaintiffs request confirmation as to whether Peter Messerer has any familial or household relationship with any individual named Leigh Messerer.

This inquiry is made solely to ensure clarity regarding any potential conflict or appearance-of-impartiality considerations and to preserve the integrity of the proceedings.

If you are unable to respond or believe this request should be directed elsewhere, please advise.

Thank you for your time and consideration.

Respectfully,

Angela Sample

Dwayne Sample

Pro Se Plaintiffs

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


ANGELA SAMPLE and DWAYNE SAMPLE,

Plaintiffs,


v.


ASHFORD TRS SANTA FE, LLC,

Defendant.


Case No. 1:23-cv-00865-SMD-KRS


**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT NARROW REQUEST FOR CHAMBERS-CONFLICT CLARIFICATION UNDER 28 U.S.C. § 455**


Plaintiffs Angela Sample and Dwayne Sample, proceeding pro se, respectfully move for leave to submit this narrow request for clarification concerning potential chambers conflicts.


Plaintiffs file this motion because the Court has entered filing restrictions concerning discovery-related filings. Plaintiffs do not seek to violate those restrictions, reopen discovery, file a new discovery motion, seek sanctions, or accuse the Court, chambers staff, counsel, any witness, or any party of misconduct.


Plaintiffs seek only limited clarification to preserve the appearance of impartiality and public confidence in the proceedings. Under 28 U.S.C. § 455(a), a federal judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The Code of Conduct for Judicial Employees likewise emphasizes that judicial employees should uphold the integrity and independence of the judiciary and avoid conduct that could undermine public confidence. Federal judicial ethics guidance also recognizes potential concerns where a judicial employee's close relative is connected to a party, law firm, material witness, or interest affected by a case.


Plaintiffs recently encountered information suggesting that one or more individuals sharing surnames with a material witness or other persons connected to this matter may have had professional,

governmental, legal, or court-related roles in New Mexico. Plaintiffs do not assert that any such person is employed in chambers, related to any witness, or involved in this case. Plaintiffs raise the issue only because any familial, household, financial, employment, or close personal relationship between chambers personnel and a party, counsel, material witness, or hotel employee involved in this case could bear on disclosure, screening, reassignment, or recusal considerations.

Accordingly, Plaintiffs respectfully request leave to ask the Court to confirm whether any chambers staff assigned to, assisting with, or otherwise involved in this case has a familial, household, financial, employment, or close personal relationship with any party, counsel, material witness, or hotel employee involved in this matter, including but not limited to Peter Messerer.

If no such relationship exists, Plaintiffs request that the Court simply state that no known chambers conflict exists. If such a relationship does exist, Plaintiffs respectfully request that the Court disclose the nature of the relationship on the record or take whatever screening, reassignment, or recusal action the Court deems appropriate.

Plaintiffs emphasize that this request is made in good faith, for clarification only, and not as an accusation. Plaintiffs seek guidance from the Court on the proper procedure to raise this limited concern without violating the existing filing restriction.

**WHEREFORE**

Plaintiffs respectfully request that the Court grant leave to submit this narrow request for chambers-conflict clarification, or alternatively treat this filing solely as a request for guidance on the proper procedure to raise a potential chambers-conflict issue under the existing filing restriction.

Respectfully submitted,

/s/ Angela Sample

Angela Sample, Pro Se Plaintiff

/s/ Dwayne Sample

Dwayne Sample, Pro Se Plaintiff

Date: __April 27, 2026_____

**CERTIFICATE OF SERVICE**

I certify that on __April 27, 2026_____, I filed the foregoing using the Court's CM/ECF system, which will send notice to all counsel of record.

Donna Chapman & Elizabeth Perkins