## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANGELA SAMPLE and
DWAYNE SAMPLE,

    Plaintiffs,

v.

ASHFORD TRS SANTA FE, LLC,

    Defendant.

Case No. 1:23-cv-00865-SMD-KRS

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE,

### FOR SANCTIONS, AND IN THE ALTERNATIVE, RESPONSE IN OPPOSITION

Plaintiffs Angela Sample and Dwayne Sample, proceeding pro se, respectfully submit this Response in Opposition to Defendant Ashford TRS Santa Fe, LLC's Motion to Strike, for Sanctions, and in the Alternative, Response in Opposition.

Defendant's motion should be denied. Plaintiffs' Motion for Leave (Doc. 188) is a narrowly tailored request concerning potential judicial-conflict clarification under 28 U.S.C. § 455. It does not seek merits discovery, does not seek to reopen discovery, and does not violate the scheduling order.

Plaintiffs also submit the attached exhibits for the limited purpose of showing that Plaintiffs had a good-faith, non-speculative basis to seek clarification. Plaintiffs do not assert that these exhibits prove bias, misconduct, or an automatic ground for recusal. Plaintiffs seek only limited clarification so that the Court may address any appearance issue under § 455.

### I. ANY LOCAL RULE 7.1 ISSUE WAS PROMPTLY CURED

Defendant argues that Plaintiffs failed to comply with D.N.M. LR-Civ. 7.1(a) before filing the Motion for Leave. Plaintiffs acknowledge Defendant's argument, but Plaintiffs promptly filed a Notice of Compliance (Doc. 189), identifying Defendant's position and curing any procedural defect.

Local Rule 7.1(a) is discretionary. It provides that a motion may be summarily denied for failure to determine whether it is opposed; it does not require automatic striking, sanctions, fees, or dismissal. Plaintiffs' prompt corrective filing demonstrates good faith, not willful disobedience.

Defendant has not shown actual prejudice from the timing of Plaintiffs' Rule 7.1 correction. Striking Plaintiffs' Motion or imposing sanctions for a corrected procedural issue would be disproportionate, especially where Plaintiffs are pro se and acted promptly to address the issue.

## II. PLAINTIFFS' MOTION DOES NOT SEEK DISCOVERY

Defendant incorrectly characterizes Plaintiffs' Motion as an improper attempt to obtain discovery after the close of discovery. That characterization is inaccurate.

Plaintiffs' Motion does not ask Defendant to produce documents, answer interrogatories, sit for depositions, provide Rule 26 disclosures, or respond to requests for admission. Instead, the Motion seeks leave to raise a narrow issue concerning possible judicial-conflict clarification and the appearance of impartiality under 28 U.S.C. § 455.

Questions concerning judicial impartiality and disclosure are not ordinary merits discovery. Plaintiffs are not attempting to obtain evidence on the underlying claims. Plaintiffs are asking the Court to permit a limited clarification process concerning potential relationships relevant to § 455.

## III. RULE 16(b)(4) DOES NOT APPLY

Because Plaintiffs are not seeking to reopen discovery or modify the scheduling order, Federal Rule of Civil Procedure 16(b)(4) does not apply.

Defendant's Rule 16 argument depends entirely on relabeling Plaintiffs' conflict-related Motion as discovery. Plaintiffs respectfully submit that the substance of the Motion is not discovery. Plaintiffs seek only to raise and preserve a narrow impartiality concern, not to change discovery deadlines.

## IV. PLAINTIFFS HAD A GOOD-FAITH FACTUAL BASIS FOR SEEKING CLARIFICATION

Plaintiffs' request is grounded in specific, publicly available information and court-record information. Public federal court records show that Leigh Messerer, Esq. was active as counsel in the District of New Mexico in 2023, including an Order Permitting Withdrawal of Counsel entered in Mascarenas v. Village of Angel Fire, No. 1:23-cv-00052-GBW-LF, Doc. 51 (D.N.M. Nov. 13, 2023). (Exhibit A).

Public biographical information from Klaus' Custom Furniture states that Klaus is married to Leigh and that they have a son, Peter. (Exhibit B). Plaintiffs understand Peter Messerer to be a material witness in this matter.

Leigh Messerer's public professional profile further states that she served as a law clerk to Magistrate Judge Kevin R. Sweazea from 2017 to 2018. (Exhibit C). Official State Bar directory information further reflects that Leigh Messerer is an active licensed attorney in New Mexico. (Exhibit D). Plaintiffs do not speculate regarding internal chambers work, do not assert who drafted any particular order, and do not allege misconduct. The exhibits are offered only to show why Plaintiffs had a good-faith, non-harassing basis to ask for limited clarification under § 455.

## V. SANCTIONS ARE NOT WARRANTED

Defendant's request for sanctions should be denied. Sanctions under Federal Rules of Civil Procedure 16(f), 37, or the Court's inherent authority require more than a corrected procedural issue and a good-faith filing seeking clarification. Defendant has not shown bad faith, willful violation of a court order, or meaningful prejudice.

Plaintiffs promptly cured the Local Rule 7.1 issue, did not seek merits discovery, and filed the Motion to raise a serious issue affecting confidence in the impartiality of proceedings. Defendant's request for fees, sanctions, and dismissal with prejudice is excessive and unsupported.

Dismissal with prejudice is an extreme sanction. Nothing about Plaintiffs' corrected Rule 7.1 issue or limited § 455 clarification request warrants dismissal or any monetary sanction.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Strike, deny Defendant's request for sanctions in its entirety, and permit Plaintiffs' Motion for Leave (Doc. 188) to be considered on its merits.

Respectfully submitted,

/s/ Angela Sample
Angela Sample
Plaintiff, Pro Se


/s/ Dwayne Sample
Dwayne Sample
Plaintiff, Pro Se


## CERTIFICATE OF SERVICE

I certify that on this 28th day of _APRIL_, 2026, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system on all counsel of record.

## EXHIBIT INDEX

**Exhibit A:** Order Permitting Withdrawal of Counsel, Mascarenas v. Village of Angel Fire, No. 1:23-cv-00052-GBW-LF, Doc. 51 (D.N.M. Nov. 13, 2023).

**Exhibit B:** Public biography from Klaus' Custom Furniture identifying Klaus' wife Leigh and son Peter.

**Exhibit C:** Public professional profile of Leigh Messerer stating clerkship with Magistrate Judge Kevin R. Sweazea from 2017 to 2018.

**Exhibit D:** State Bar directory record reflecting Leigh Messerer active attorney status in New Mexico.