**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ANGELA SAMPLE and
DWAYNE SAMPLE,

      Plaintiffs,

v.                                  **Case No. 1:23-cv-00865-SMD-KRS**

ASHFORD TRS SANTA FE, LLC

      Defendant.

### ASHFORD'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE, FOR SANCTIONS AND IN THE ALTERNATIVE, RESPONSE IN OPPOSITION

Ashford TRS Santa Fe, LLC, by and through its counsel, Quintairos, Prieto, Wood & Boyer, P.A. (Donna L. Chapman and Elizabeth Perkins) for its Reply to Plaintiff's response in Opposition to Ashford's Motion to Strike, For Sanctions and in the Alternative, Response in Opposition, states as follows.

Plaintiffs' Response is little more than a repackaged version of the same tired and inadequate excuse—that their failure to obtain concurrence as required by the Rules and the Orders of this Court was "inadvertent" and later "cured."  This Court has already rejected similar conduct from Plaintiffs.  Plaintiffs have been <u>expressly</u> ordered to comply with the Rules of Civil Procedure and admonished for prior violations. *See Docs 96 and 105, as well as oral admonitions from the Court.* Their continued disregard is not accidental—it is now habitual.  At this point, further leniency would only reward Plaintiffs' noncompliance.  Sanctions, including attorneys' fees and even dismissal, are not only appropriate, but warranted.

Plaintiffs' latest filing is equally improper in substance.  As previously demonstrated, Plaintiffs have sought discovery from Ashford  See Exhibit 1, material attached to Motion to Strike, Doc. 190. Plaintiffs' present motion is nothing more than an impermissible end-run around the

discovery deadline—an attempt to obtain information they either chose not to pursue or failed to pursue diligently when Plaintiffs have the opportunity. Despite their disclaimers, Plaintiffs are plainly attempting to reopen discovery and circumvent the scheduling order after the close of discovery. Courts routinely reject such tactics, particularly where, as here, the information was readily available throughout the litigation. Plaintiffs' own allegations confirm the supposed clerkship dates to 2017, *nearly a decade ago*, making Plaintiffs' delay both unexplainable and indefensible. This underscores the lack of any legitimate justification for Plaintiffs' delay.

The factual premise of Plaintiffs' argument is also demonstrably false. Defense counsel investigated the allegation and confirmed no such relationship exists. Leigh Messerer has never clerked for any federal judge. *See Leigh Messerer Affidavit, Exhibit 2*. Plaintiffs' attempt to justify their baseless inquiry by pointing out that Ms. Messerer is an attorney and Peter Messerer's[1] mom is as irrelevant as it is improper. Neither fact suggests bias, impropriety or any connection to the Court.

Even more troubling, Plaintiffs rely on unverified and inherently unreliable "Google" or "AI" searches to support their claim that Ms. Messerer clerked for Judge Sweazae between 2017 and 2018. Such overreliance on AI has already been the source of discourse in this case. Plaintiffs' assertion is flatly contradicted by Ms. Messerer's sworn testimony. *See Exhibit 2, Affidavit*. Ms. Messerer has attested she worked for a <u>private law firm</u> during the period in question from 2018 to November 2023, after studying for and passing the bar exam. *See Exhibit 2, paragraph 6*. Plaintiffs' continued overreliance on artificial intelligence and Plaintiffs' willingness to advance such demonstrably false information, without verification, further underscores the frivolous nature of Plaintiffs' filing and further supports the imposition of sanctions.

---

[1] Mr. Messerer is a witness in the case.

This conduct raises serious concerns under Rule 11.  Plaintiffs had an obligation to conduct a reasonable inquiry before presenting factual contentions to the Court.  Fed. R. Civ. P. 11(b).  Advancing a demonstrably false assertion based on unverified internet and AI results, without confirming its accuracy, falls well below the standard.  *See* Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988) (Rule 11 requires reasonable inquiry into both facts and law before filing).  Plaintiffs' conduct is not merely careless; it reflects a reckless disregard for the truth and prejudices Ashford in having to respond to such allegations, wasting time and incurring costs and fees.

Finally, even if Plaintiffs allegations were true, which they are not, they would still fall woefully short of establishing any basis for recusal, which is at the core of Plaintiff's Motion.  The standard for judicial recusal under 28 U.S.C. §455 is an objective one, requires a showing that a judge's impartiality "might be reasonably questioned," but that standard is not met by remote, speculative or attenuated associations.  *See United States v. Cooley* 1 F.3d 985 (10th Cir. 1993); *Hinman v. Rogers*, 831 F.2d 937 (10th Cir. 1987).   The Supreme Court has made it clear that only a deep-seated favoritism or antagonism warrants recusal, not routine associations or speculative connections.  *See generally, Liteky v. United States*, 510 U.S. 540, 555 (1994).

Courts have consistently rejected recusal arguments premised on far closer relationships than the one imagined here.  As alleged, nearly a decade old clerkship*, particularly one that never occurred*, combined with an alleged purely familial relationship with a non-party party attorney, is the very definition of attenuated and legally insufficient basis for recusal.  Plaintiffs' argument is not merely weak; it is frivolous.

In short, Plaintiffs' filing rests on procedural impropriety, judicial order noncompliance, improper litigation tactics, and demonstrably false factual assertions, all in service of a legally baseless theory of recusal.

3

The Motion to Strike should be granted, sanctions imposed for Orders and admonishments violations, sanctions under Rule 11 sanctionable conduct within the Court's inherent authority and the Court is likewise is requested to reject Plaintiffs' arguments in their entirety.

Respectfully Submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Donna L. Chapman*
Donna L. ChapmanElizabeth G. Perkins
6565 Americas Parkway NE, Suite 200
Albuquerque, NM 87110
Phone: (505) 785-7012
Fax: (505) 785-7013
Email: elizabeth.perkins@qpwblaw.com
           donna.chapman@qpwblaw.com
*Attorneys for Defendant Ashford TRS Santa Fe, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2026, pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing was filed via EM/ECF, causing a copy to be served upon all counsel of record, and delivered via electronic mail:

Dwayne Sample
3908 Ryedale Way
Colorado Springs, CO 80922
Dsample1378@gmail.com
*Plaintiff pro se*

Angela Sample
3908 Ryedale Way
Colorado Springs, CO 80922
am.sigismondi@gmail.com
*Plaintiff pro se*

*/s/ Donna L. Chapman*
Donna L. Chapman

4