**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ANGELA SAMPLE and
DWAYNE SAMPLE,

      **Plaintiffs,**

v.                                  **Case No. 1:23-cv-00865-SMD-KRS**

ASHFORD TRS SANTA FE, LLC

      **Defendant.**

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
LIMITED SURREPLY**

Ashford TRS Santa Fe, LLC, ("Ashford") by and through its counsel, Quintairos, Prieto, Wood & Boyer, P.A. (Donna L. Chapman and Elizabeth Perkins) respectfully submits  its Response in Opposition to Plaintiffs' Moton for Leave to File Limited Surreply, ("Motion" "Doc 193") as follows.

**I.      Introduction**

Plaintiffs' Motion should be denied outright.  It is not a legitimate and proper request for additional briefing, but rather an attempt to salvage a procedurally defective and factually baseless motion from its inception, predicated upon unverified, AI-generated speculation or hallucination.

Surreplies are disfavored and permitted only in narrow circumstances, such as when new arguments are raised.  Rule 1-007 NMRA.  Plaintiffs identify no such circumstance because none exists.

Instead, Plaintiffs seek a third opportunity to advance a theory that is both factually baseless and legally frivolous after they filed a motion premised upon demonstrably false information; after they failed to comply with basic procedural rules and admonitions/orders of this court; and after being confronted with evidence disproving their unverified AI-generated or hallucinated

allegations.  The Rules do not permit litigants, pro se or otherwise, to proceed in this manner and then demand another opportunity to be heard and to get the "last word."

## II.    Plaintiffs' Motion for Surreply Is A Transparent Attempt To Repair A Fatally Defective Record

Plaintiff's underlying motion invoked 28 U.S.C. §455 based on speculative assertions about a supposed relationship between a witness's family member and the Court.  Plaintiffs expressly admitted their allegations were based on uncertain and unverified information.  Despite this admission, Plaintiffs proceeded to file the motion without (1) confirming the accuracy of their claims; (2) presenting competent evidence, or (3) conferring with opposing counsel as required.  Had Plaintiffs done so, there were several ways Plaintiffs could have verified the information before burdening the Court and opposing counsel with these motions.  For example, Plaintiffs could have suggested Plaintiffs, along with Ashford's counsel, call the family member and seek the information.  Both Plaintiffs clearly examined the family member's LinkedIn profile and knew the profile did not contain the information, which should have alerted Plaintiffs further investigation was warranted. See Exhibit A, Email exchange with Messerer.

Even more telling, Plaintiffs *already possessed* the materials they later attempted to rely on in their Response to Ashford's Motion to Strike but chose not to properly present the AI generated and other non-dispositive material from the start.  Only after Ashford exposed the defects in Plaintiff's allegations in the Motion to Strike, did Plaintiffs then attempt to supplement the record.

This is not the purpose of a surreply.  A surreply is not a vehicle to cure strategic omissions, evidentiary failures or lack of diligence.  It is an improper effort to retroactively construct support for a motion that should have never been filed in the first instance, particularly without verification.

### III.     Plaintiffs' Pro Se Status Does Not Excuse Plaintiffs' Conduct

Pro se status does not excuse Plaintiffs' conduct in failing to verify the AI hallucinated information which predicated the underlying motion.  Plaintiffs' pro se status does not excuse the failure to meet and confer in accordance with Rule 1-007(A) NMRA and orders/admonitions of the court on the underlying motion, which then could have led to a variety of actions designed at verifying the information rather than burdening the court and the opposing party and their counsel. Plaintiffs' approach to this litigation—filing first, verifying later, if at all, has imposed unnecessary burden and expense on both Ashford and the Court.  The present motion continues Plaintiffs' pattern.

### IV.     Plaintiffs' Reliance on Unproven AI-Generated Hallucinations Violates Their Rule 11 Obligations

This dispute arises from Plaintiffs' reliance on AI generated information that is not merely inaccurate, but demonstrably false.  Plaintiffs presented the information to the Court without verification as a basis for judicial disqualification and then attempted to defend it only after it was disproven.  Perhaps more troubling, facing the falseness of their allegations, Plaintiffs *still* have not withdrawn their underlying motion and then to compound the issue, ask for surreply.

Rule 1-011 requires factual contentions to have <u>evidentiary</u> support after reasonable inquiry.  Plaintiffs made no such reasonable inquiry.  Had Plaintiffs followed the rules and conferred with Ashford's counsel as required, contacted the relevant individual or undertaken even a minimal amount of diligence, this issue would never have arisen.

Instead, Plaintiffs manufactured a purported judicial conflict out of speculation and misinformation, then forced Ashford and the Court to expend resources correcting the record.  That is precisely the type of conduct Rule 1-011 is intended to deter.

**V.    Even If Plaintiffs' Theory Were True, It Would Not Support Recusal and Plaintiffs Have Presented No Case Law Supporting Such An Allegation**

Plaintiffs' Motion is not only factually baseless, but also legally frivolous.  Even assuming, *arguendo*, that a chambers staff member once had a remote professional connection to a witness or a witness's relative, such a circumstance does not require recusal under 28 U.S.C. §455 and Plaintiffs argument fails as a matter of law.  Courts have consistently held that prior clerkships, attenuated professional relationships, and speculative or indirect associations do not mandate disqualification absent a concrete showing of bias or a direct, substantial connection to the matter. *See, e.g.:  United States v. Lovaglia*, 954 F.2d 811, 815 (2nd Cir. 1992 (recusal requires more than unsupported, irrational or highly tenuous speculation and judges must be alert to avoid the possibility that those who would question [their] impartiality are in fact seeking to avoid the consequences of [the judge's] expected adverse decision."): *In re Allied-Signal, Inc*., 891 F.2d 967, 970 (1st Cir. 1989) (attenuated relationships insufficient to require recusal and must be supported by a factual basis); and *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (prior professional associations do not mandate recusal absent a showing of actual bias and the moving party must demonstrate a judge is not impartial).

Indeed, courts have specifically rejected recusal arguments based on former clerkships or past employment relationships that bear no direct connection to the case at issue.  Thus, Plaintiffs' theory fails on two basis:  it is factually incorrect and it is legally irrelevant.

**VI.    No Basis for Surreply Exists**

Plaintiffs do not and cannot identify any new argument raised in Ashford's Reply that would justify surreply.  Plaintiffs cannot benefit from their own error in raising the documents in question for the first time in Response to Ashford's motion and then being disgruntled when Ashford replied.  Here, Plaintiffs seek to reframe their failed arguments, introduce evidence they

previously failed to verify and *only presented during Response*, and avoid the consequences of their own conduct.  This is precisely the misuse of motions practice the courts have discretion to reject.  See generally, *Guest v. Beradinelli*, 2008-NMCA-144.  Allowing a surreply under these circumstances would reward procedural gamesmanship and invite further abuse.

**VII.    Sanctions are Warranted**

Plaintiffs' conduct has crossed from careless to sanctionable.  They presented unverified and false information to the court; ignored procedural rules and Court admonitions, refused to withdraw their motion *even after its factual basis was disproven*, and continue to multiply proceedings through improper filings.  Under Rule 1-011 NMRA, sanctions are appropriate when filings lack evidentiary support or are presented for improper purposes, including harassment or unnecessary delay. Courts also possess inherent authority to sanction conduct that abuses the judicial process.

At a minimum, Ashford has incurred attorneys' fees and costs that would not have been necessary but for Plaintiffs' actions.  More broadly, Plaintiffs' filings raise serious concerns about whether their §455 motion was intended to improperly influence or disrupt the proceedings, inject doubt into the integrity of the proceedings, force unnecessary judicial inquiry and influence the assignment or participation of the presiding magistrate judge.  This conduct warrants a meaningful response.

Plaintiffs' Motion is not a good-faith request for additional briefing.  It is an attempt to rehabilitate a baseless motion grounded in speculation, misinformation and disregard of the Rules and court admonishments.  Plaintiffs' Motion is an abuse of process, grounded in speculation rather than fact and designed to undermine the administration of justice. The Court should not permit Plaintiffs to continue in this manner.

Ashford respectfully requests this Court

1. Consider dismissal of Plaintiffs' claims with prejudice, or at a minimum,

2. Deny Plaintiffs' Motion For Leave to File A Limited Surreply;

3. Award Ashford its reasonable attorneys' fee and costs pursuant to Rule 1-011 NMRA;

4. Require Plaintiffs provide the <u>actual proof</u> on which they relied to make the §455 request and consider additional sanctions, including attorneys' fees and costs, and even dismissal with prejudice based upon the production or lack thereof of same; and

5. Grant such relief as this Court deems just and proper.

Respectfully Submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Donna L. Chapman*
Donna L. ChapmanElizabeth G. Perkins
6565 Americas Parkway NE, Suite 200
Albuquerque, NM 87110
Phone: (505) 785-7012
Fax: (505) 785-7013
Email: elizabeth.perkins@qpwblaw.com
donna.chapman@qpwblaw.com
*Attorneys for Defendant Ashford TRS Santa Fe, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2026, pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing was filed via EM/ECF, causing a copy to be served upon all counsel of record, and delivered via electronic mail:

Dwayne Sample
3908 Ryedale Way
Colorado Springs, CO 80922
Dsample1378@gmail.com
*Plaintiff pro se*

Angela Sample
3908 Ryedale Way
Colorado Springs, CO 80922
am.sigismondi@gmail.com
*Plaintiff pro se*

*/s/ Donna L. Chapman*
Donna L. Chapman

6