IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELA SAMPLE and DWAYNE
SAMPLE,

     Plaintiffs,

v.                                 No. 1:23-cv-00865-SMD-KRS

ASHFORD TRS SANTA FE, LLC,

     Defendant.

## ORDER

This matter comes before the Court on Plaintiffs Angela and Dwayne Sample's Rule 72(a)

Objection (Doc. 176) to Magistrate Judge Kevin R. Sweazea's Order (Doc. 175) striking Plaintiffs'

"Motion for Reasonable ADA Accommodation Under 42 U.S.C. § 12132 and Request for

Modification of Deposition Procedures" (Doc. 171).

## BACKGROUND

On October 24, 2025, Plaintiffs' prior counsel was granted leave to withdraw from the

case.  Doc. 92.  Proceeding pro se, Plaintiffs filed 15 motions[1] and 40 notices[2] over the next 25

days.  On November 18, 2025, Judge Sweazea entered the following text order:

> Pursuant to the Court's inherent authority to manage its docket, pending further order of
> the Court Plaintiffs are prohibited from filing any additional "Notices," regardless of the
> purpose or subject matter of the Notice. Plaintiffs are also prohibited until further court
> order from filing any additional motions seeking relief of any kind related to discovery,
> including but not limited to motions to compel discovery, or related to extending
> scheduling order deadlines. This prohibition applies even if the motion is not framed as a

[1] *See* Doc. 99; Doc. 104; Doc. 106; Doc. 107; Doc. 108; Doc. 111; Doc. 119; Doc. 127; Doc. 143;
Doc. 144; Doc. 145; Doc. 151; Doc. 154; Doc. 155; Doc. 160.
[2] *See* Doc. 109; Doc. 110; Doc. 113; Doc. 115; Doc. 121; Doc. 122; Doc. 123; Doc. 124; Doc. 125;
Doc. 126; Doc. 128; Doc. 129; Doc. 130; Doc. 131; Doc. 132; Doc. 133; Doc. 134; Doc. 135;
Doc. 136; Doc. 137; Doc. 138; Doc. 139; Doc. 141; Doc. 142; Doc. 146; Doc. 147; Doc. 148;
Doc. 149; Doc. 150; Doc. 152; Doc. 153; Doc. 156; Doc. 158; Doc. 159; Doc. 161; Doc. 163;
Doc. 166; Doc. 167; Doc. 168; Doc. 169.

discovery or extension motion per se, so long as the motion seeks relief affecting discovery or discovery deadlines. The parties may proceed in the interim with the Rule 30 depositions of the three hotel employees permitted by the Court's order entered on October 24, 2025, see Dkt. # 98, which must take place, as stated in the October 24 order, by December 23, 2025. If Plaintiffs fail to comply with this order, the Court will strike all prohibited filings. In addition, the Court forewarns Plaintiffs for the third time that Plaintiffs' continuing failure to comply with procedural rules and court orders may result in the Court imposing sanctions without further warning or notice, including monetary sanctions, revocation of authorization to file electronically, filing restrictions, and/or dismissal of this case[.]

Doc. 170 ("November 18, 2025 Order"). Later that day, Plaintiffs filed their Motion for Reasonable ADA Accommodation. Doc. 171. Plaintiffs asserted this was not barred by Judge Sweazea's November 18, 2025 Order because it did not request modification of discovery deadlines or discovery relief. *Id.* at 1. Plaintiffs asked the Court to "[m]odify the deposition procedures to Rule 31 written depositions or provide specific oral Rule 30 accommodations"; address the "previously filed ADA-related motions that remain pending"; and "[p]ermit Plaintiffs meaningful access to this litigation as required by 42 U.S.C. § 12132." *Id.* at 4. Plaintiffs requested one of the following as a reasonable accommodation to allow Plaintiff Dwayne Sample to participate in these proceedings:

> **Option 1: Conduct the three permitted depositions under Rule 31 (written questions).**
> This is the least-restrictive accommodation and was previously requested before the filing ban.
>
> **Option 2: Conduct oral Rule 30 depositions but with ADA modifications, including:**
> - Slowed pace of questioning
> - Breaks every 10–15 minutes
> - Written copies of questions provided
> - Permission for Mr. Sample to answer in writing when needed
> - No rapid-fire or compound questioning
>
> **Option 3: A brief ADA accommodations hearing.**
> To clarify reasonable modifications based on the TBI.

*Id.* at 3.

The following day, on November 19, 2025, Plaintiffs filed a "Notice of Pending ADA Motion and Request to Stay Depositions Until Accommodation Is Decided," advising the Court of Plaintiffs' Motion for Reasonable ADA Accommodation and requesting a stay of all depositions pending the Court's ruling.  Doc. 174.  Also on November 19, 2025, Judge Sweazea entered a text order striking Plaintiffs' Motion for Reasonable ADA Accommodation:

> The Motion violates the Court's temporary prohibition against further motions related to discovery. See Dkt. # 170. There is no ADA claim alleged in the Complaint. The disability accommodations sought by the motion are sought in connection with discovery. Furthermore, the issue of whether to allow the requested accommodation is already before the Court pursuant to Plaintiffs' previously filed "Motion to Compel Written Depositions," Dkt. # 155, and Defendant's "Motion For Entry of Protective Order And To Quash Plaintiffs' Pro Se Purported Depositions Upon Written Question," Dkt. # 157. In addition, the broader issue of ADA accommodations is already before the Court in Plaintiffs' previously filed "Motion For Reasonable Accommodations And Extension of Time Due To Traumatic Brain Injury (TBI)," Dkt. # 111. Plaintiffs state that the Motion, Dkt. # 171, does not violate the Court's prohibition order, Dkt. # 170, because the Court has not yet ruled on Plaintiffs' previous requests for ADA accommodations. Plaintiffs are forewarned that filing repetitive motions seeking identical relief to already filed motions because the Court has not yet ruled on the previously filed motions may subject Plaintiffs to Rule 11 sanctions for filing a document that is presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ P. 11(b)(1).

Doc. 175 ("November 19, 2025 Order").

Approximately one hour later, Plaintiffs filed the instant Rule 72(a) objection.  Doc. 176. Plaintiffs asserted four bases for their objection: (1) that ADA accommodations are required even when no ADA claim is filed; (2) that disability accommodation motions cannot be barred by a filing ban; (3) that Plaintiffs have submitted documentation of a disability requiring accommodation; and (4) that Rule 11 was misapplied.

On November 24, 2025, Defendant Ashford TRS Santa Fe filed an "Omnibus Response" (Doc. 178), advising that without further instruction from the Court, it would not file substantive responses to Plaintiffs' "Motion for Judicial Review and Relief" (Doc. 127); Plaintiffs' Motion to

Substitute Attorney (Doc. 140); Plaintiffs' "Motion to Amend Pending Reconsideration Motion to Compel Discovery Due to New Evidence and Opposing Counsel's Refusal to Comply" (Doc. 143); Plaintiffs' "Motion to Reconsider Order Denying Leave to Amend Complaint and to Reinstate Hilton Worldwide Holdings Inc. as a Defendant" (Doc. 144); Plaintiffs' "Motion for Reconsideration of Motion for Protective Order and Sanctions Due to Deposition Abuse, Discovery Misconduct, and Pattern of Counsel Harassment" (Doc. 145); Plaintiffs' "Motion to Compel Outstanding Disclosures and for Sanctions" (Doc. 151); Plaintiffs' "Motion to Terminate Depositions, for Protective Order, and for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(3) and 30(d)(2)" (Doc. 154); Plaintiffs' "Motion to Compel Written Depositions" (Doc. 155); and Plaintiffs' "Motion for Specific Sanctions of $7,500 or More for Discovery Misconduct, Bad-Faith Delays, and Violation of Court Orders" (Doc. 160). Ashford's Omnibus Response did not mention Plaintiffs' Motion for Reasonable ADA Accommodation or Rule 72(a) Objection. *See* Doc. 178.

Within an hour of Ashford filing its Omnibus Response and before Ashford filed any substantive response to the Rule 72(a) Objection, Plaintiffs filed a "reply" purportedly to address Defendant's Omnibus Response. Doc. 179. Without any citation to the Omnibus Response, Plaintiffs state that Ashford "incorrectly asserts it is exempt from responding to Plaintiffs' Rule 72 Objections by December 3, 2025." *Id.* at 1. Plaintiffs also assert, without relevant supporting authority, that "[a]voiding a response is not permitted under Rule 72."[3] *Id.* at 2.

---

[3] Plaintiffs cite two cases for the proposition that "Courts routinely hold that a party must respond to Rule 72 objections: "**Hernandez v. Thaler,** 630 F.3d 420 (5th Cir. 2011)" and "**Gonzales v. Qwest Commc'ns,** 2005 WL 366290 (D. Colo.) ("Responses to objections are required unless the court orders otherwise.")." *See* Doc. 179 at 3. *Hernandez v. Thaler* concerned a petition for federal habeas relief from a conviction in Texas state court, and did not involve any objections—or responses—under Rule 72(a). And while the Tenth Circuit issued an unpublished opinion in a case captioned *Gonzales v. Qwest Communications*, the database identifier provided by Plaintiffs does not appear attached to an existing case. In *Gonzales v. Qwest Communications*, 160 F. App'x 688 (10th Cir. 2005), the Tenth Circuit affirmed the district court's decision adopting the magistrate judge's recommendation to grant summary judgment—in other words, the underlying objection was raised under Rule 72(b) concerning dispositive motions, rather than Rule 72(a) concerning nondispositive matters. The language quoted by Plaintiffs—"Responses to objections are required unless the court orders otherwise"—does not appear in the Tenth Circuit's decision.

**LEGAL STANDARD**

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the district court must have a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation omitted).

**DISCUSSION**

Plaintiffs' first three bases for objection relate to the requested "ADA accommodations" raised in Doc. 171 and other motions. The fourth basis challenges the following language in Judge Sweazea's November 19, 2025 Order: "Plaintiffs are forewarned that filing repetitive motions seeking identical relief to already filed motions because the Court has not yet ruled on the previously filed motions may subject Plaintiffs to Rule 11 sanctions for filing a document that is presented for an 'improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *See* Doc. 175. Plaintiffs argue that (1) that ADA accommodations are required even when no ADA claim is filed; (2) that disability accommodation motions cannot be barred by a filing ban; (3) that Plaintiffs have submitted documentation of a disability requiring accommodation; and (4) that Rule 11 was misapplied. None of these grounds identifies a part of

---

Although courts make some allowances for a *pro se* plaintiff's failure to cite to proper legal authority, courts do not excuse the use of fabricated or misleading authorities. *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 WL 6976510, \*7 (D.N.M. Oct. 23, 2023). Plaintiffs are cautioned that they must comply with this Court's Local Rules, the Court's Guide for *Pro Se* Litigants, and the Federal Rules of Civil Procedure. Any future filings that contain citations to nonexistent cases may result in sanctions, including the filing being stricken, filing restrictions being imposed, or dismissal of the case. *See id* at \*8 (collecting cases where sanctions were deemed appropriate).

Judge Sweazea's November 19, 2025 Order that Plaintiffs seek to set aside, much less anything "clearly erroneous or contrary to law." For at least the following reasons, Plaintiffs' objection is denied.

**First**, Judge Sweazea has not yet ruled on Plaintiffs' requested accommodations. Judge Sweazea's November 19, 2025 Order struck the Motion for Reasonable ADA Accommodation, but as the parties appear to agree, the relief requested in the Motion for Reasonable ADA Accommodation is not new. *See* Doc. 171 at 3 ("Plaintiffs filed relevant disability-related motions BEFORE the filing ban."); Doc. 176 at 2 ("Because the Court has not ruled on pending motions (Dkts. 111, 155), Plaintiffs cannot safely proceed with depositions without guidance."); *see* Doc. 187 at 4 ("Plaintiffs . . . filed a Motion again requesting the same relief as is requested in the many other pending motions."). For example, Plaintiffs' "Motion for Reasonable Accommodations and Extension of Time Due to Traumatic Brain Injury (TBI)" sought "reasonable procedural flexibility consistent with Plaintiff's disability" in connection with requested extensions of motion and discovery deadlines. Doc. 111 at 3. In their "Motion for Reconsideration of Motion for Protective Order and Sanctions Due to Deposition Abuse, Discovery Misconduct, and Pattern of Counsel Harassment," Plaintiffs requested "a Protective Order limiting improper questions" and that "any future depositions [] be Court-supervised or remote with safeguards." Doc. 145 at 4.

The Court has inherent authority to manage its docket, including the authority to strike filings. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) ("The power of district courts to manage their dockets is deeply ingrained in our jurisprudence."). Judge Sweazea's November 18, 2025 Order advised Plaintiffs that they were prohibited from filing additional "Notices" or other motions relating to discovery while Plaintiffs' previous motions seeking discovery relief were pending. *See* Doc. 170. Nothing in Judge Sweazea's November 19,

2025 Order prevented Plaintiffs from seeking the relief requested in the Motion for Reasonable ADA Accommodation, which Plaintiffs previously requested in several discovery motions. These motions remain before the Court. For similar reasons, Plaintiffs' objection on the grounds that Rule 11 was misapplied is not well-taken, as Judge Sweazea's November 19, 2025 Order did not impose any sanctions on Plaintiffs.

**Second**, as Judge Sweazea explained, the accommodations identified in the Motion for Reasonable ADA Accommodation are sought in connection with discovery. *See* Doc. 175. Plaintiffs assert that the Motion for Reasonable ADA Accommodation "does not seek discovery relief" (*see* Doc. 171 at 1), but this disclaimer does not change the underlying nature of the requested relief, particularly where the requested relief appears in other motions filed by Plaintiffs in connection with discovery disputes and deadlines. For example, Plaintiffs previously filed a "Motion to Compel Written Depositions," moving the Court to compel the written depositions of John Rickey, Peter Messerer, and Juana Gonzalez. *See* Doc. 155. In their Rule 72(a) Objection, Plaintiffs now assert that Rule 31 written questions are requested to accommodate Plaintiff Dwayne Sample's traumatic brain injury. *See* Doc. 176 at 2.

**Third**, even if the Motion for Reasonable ADA Accommodation did not relate to discovery, Plaintiffs supply no authority to support their assertions regarding "accommodation motions." Plaintiffs appear to rely on Title II of the ADA, citing one statute and two cases in their Rule 72(a) Objection: 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509 (2004); and *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1 (1st Cir. 2004). None of these support Plaintiffs' position that "striking an ADA access motion is contrary to law."

Section 12132 provides that "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or

be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The term "public entity" means any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority. 42 U.S.C. § 12131. The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity. *Id.* Even assuming Plaintiff Dwayne Sample is a qualified individual with a disability, Section 12132, by its own terms, does not apply to federal courts.

Both *Tennessee v. Lane* and *Badillo-Santiago v. Naveira-Merly* involved access to and accommodations in *state* courts. In *Lane*, the Supreme Court considered an action against the State of Tennessee and several counties, alleging past and ongoing violations of Title II. 541 U.S. at 513. The plaintiffs used wheelchairs for mobility and alleged that they were denied access to the state court system: one was jailed for failure to appear after he was unable to reach the second floor courtroom where his criminal proceedings were held; and the other was a certified court reporter who was unable to gain access to a number of county courthouses. *Id.* at 513–14. In *Badillo-Santiago*, the plaintiff challenged accommodations relating to a state court trial involving the sale of a house. 378 F.3d at 3. After an unfavorable judgment in state court, the plaintiff (the defendant in the state court trial) filed suit against the Commonwealth of Puerto Rico, the presiding judge, and other government officials, alleging violations of the ADA and violations of his due process and equal protection rights. *Id.*

8

The Court further notes that even if Title II provided the appropriate mechanism for Plaintiffs to seek accommodations in this litigation, "reasonable accommodation" does not require "any and all means" or exempt litigants from complying with the Federal Rules of Civil Procedure. As the Supreme Court explained in *Lane*:

> Title II does not require States to employ any and all means to make judicial services accessible or to compromise essential eligibility criteria for public programs. It requires only "reasonable modifications" that would not fundamentally alter the nature of the service provided, and only when the individual seeking modification is otherwise eligible for the service.

541 U.S. at 511. Indeed, the First Circuit in *Badillo-Santiago* affirmed the district court's decision to deny the plaintiff's untimely motion to amend, despite the plaintiff alleging violations of the ADA. 378 F.3d at 7–8.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 72(a) Objection (Doc. 176) is OVERRULED. The Court declines to rule on Plaintiffs' "ADA Access Request and Notice Regarding Deposition Deadline" (Doc. 181), which is appropriately before Judge Sweazea.

IT IS SO ORDERED.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

9