**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ANGELA SAMPLE and
DWAYNE SAMPLE,**

Plaintiffs,

v. Case No. 1:23-cv-00865-SMD-KRS

**ASHFORD TRS SANTA FE, LLC,**

Defendant.

**PLAINTIFFS' OMNIBUS MOTION IN LIMINE TO EXCLUDE HEARSAY, LEGAL
CONCLUSIONS, PROCEDURAL MATTERS, AND OTHER INADMISSIBLE EVIDENCE**

Plaintiffs Angela Sample and Dwayne Sample, proceeding pro se, respectfully move this Court for an Order excluding certain categories of inadmissible evidence, testimony, and argument anticipated at trial.

This Motion is brought pursuant to Rules 401, 402, 403, 602, 701, 801, and 802 of the Federal Rules of Evidence.

**INTRODUCTION**

The issues for trial concern what occurred at the Hilton Santa Fe Historic Plaza on November 26, 2022, including Defendant's treatment of Plaintiffs and Plaintiff Angela Sample's service dog, Honey.

Defendant has indicated an intent to rely upon various categories of evidence that are irrelevant, unfairly prejudicial, speculative, hearsay, or constitute improper legal conclusions.

Accordingly, Plaintiffs seek an Order excluding the categories identified below.

**I. EXCLUDE HEARSAY TESTIMONY REGARDING UNIDENTIFIED GUEST COMPLAINTS**

Defendant repeatedly asserts that unidentified hotel guests complained Honey was barking.

Defendant has not identified those guests as witnesses.

Any testimony that unidentified guests complained Honey was barking, if offered to prove Honey was actually barking excessively, constitutes hearsay under Rule 801(c).

Because the declarants are unidentified and unavailable for cross-examination, admission of such statements would violate Rules 801 and 802 and substantially prejudice Plaintiffs.

The mere inclusion of such allegations within an incident report does not render the underlying statements admissible.

Defendant may explain actions allegedly taken in response to complaints, but Defendant should not be permitted to use unidentified guest statements as proof that Honey was in fact barking excessively.

**II. EXCLUDE CHARACTERIZATIONS THAT PLAINTIFFS WERE "THREATENING," "AGGRESSIVE," "ABUSIVE," OR "DANGEROUS"**

Witnesses may testify regarding facts they personally observed.

However, witnesses should not be permitted to offer subjective labels or characterizations such as threatening, aggressive, abusive, dangerous, or hostile.

Such terms are highly prejudicial and frequently constitute improper opinion testimony under Rule 701.

Witnesses should instead be required to describe the conduct actually observed so that the jury may draw its own conclusions.

## III. EXCLUDE THE 911 CALL AND RELATED TESTIMONY AS PROOF PLAINTIFFS MADE THREATS

Defendant has repeatedly referenced a 911 call allegedly reporting threats by Plaintiffs.

To the extent Defendant seeks to introduce the call or testimony regarding the call to prove Plaintiffs actually made threats, such evidence constitutes hearsay.

The fact that a call was made does not establish that the underlying allegations were true.

Plaintiffs do not object to evidence that a call occurred.

Plaintiffs object to any attempt to use the call as substantive proof that threats were actually made.

## IV. EXCLUDE DISCOVERY DISPUTES, DEPOSITION DISPUTES, WRITTEN DEPOSITIONS, ADA ACCOMMODATION REQUESTS, FILING RESTRICTIONS, AND OTHER PROCEDURAL MATTERS

The jury's role is to decide what occurred on November 26, 2022; whether Defendant violated the ADA; whether Defendant breached contractual obligations; and whether Defendant acted negligently.

The jury is not tasked with evaluating discovery disputes, written depositions, motions practice, filing restrictions, requests for ADA accommodations during litigation, scheduling disputes, or procedural disagreements.

## V. EXCLUDE LEGAL CONCLUSIONS REGARDING ADA COMPLIANCE

Lay witnesses should not be permitted to testify that Defendant complied with the ADA, did not violate the ADA, was legally permitted to act as it did, or that Plaintiffs violated the ADA.

Such testimony constitutes legal conclusions reserved for the Court and jury.

## VI. EXCLUDE REFERENCES TO DISMISSED CLAIMS, DISMISSED PARTIES, PRIOR PLEADINGS, OR MATTERS NOT BEFORE THE JURY

References to dismissed claims, dismissed parties, withdrawn allegations, or superseded pleadings have minimal probative value and create a substantial danger of jury confusion.

## VII. EXCLUDE TESTIMONY NOT BASED UPON PERSONAL KNOWLEDGE

Rule 602 requires that witnesses testify only regarding matters within their personal knowledge.

Witnesses should be limited to facts personally observed.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting the relief requested in Sections I through VII and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Angela Sample
Angela Sample
Plaintiff Pro Se

/s/ Dwayne Sample
Dwayne Sample
Plaintiff Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through the Court's CM/ECF system on June 15, 2026, upon:

Donna L. Chapman, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, NM 87110
Donna.Chapman@qpwblaw.com

Elizabeth G. Perkins, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, NM 87110
Elizabeth.Perkins@qpwblaw.com