**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Kevin R. Sweazea
United States Magistrate Judge

**CLERK'S MINUTES**

*Angela Sample and Dwayne Sample. v. Ashford TRS Santa Fe, LLC*
1:23-cv-865 SMD-KRS

---

**Wednesday, June 17, 2026**

| | |
|---|---|
| **Attorneys for Plaintiffs:** | Dwayne Sample, Pro se |
| | Angela Sample, Pro se |
| **Attorney for Defendant**: | Elizabeth Perkins |
| **Proceeding**: | Telephonic Status Conference |
| **Start Time:** | 11:32 a.m. |
| **Stop Time:** | 11:51 a.m. |
| **Total Time:** | 19 minutes |
| **Clerk:** | LDM |

**NOTES**

- The Court greets the parties and enters their appearances.

- The Court begins by noting that there are a number of pending motions that the Court is working on. The Court will be entering a ruling on those motions in due course. The purpose of this status is not to address those motions, but to inquire whether the parties have any interest in the Court conducting a settlement conference?

- Angela Sample and Dwayne Sample both express an interest. Ms. Perkins states that defendant also would be interested.

- After further discussion, the Court states that it will enter a separate order scheduling a settlement conference for July 20, 2026. The order will set dates and deadlines for the parties to exchange offers and counteroffers, as well as a confidential position statement to the Court. The Court asks if it matters to the parties whether the pending motions are decided before the July 20 settlement conference, versus the Court waiting to see if the parties can settle the case before ruling on the motions?

- Mr. Sample asks whether the Court could give some indication of its plan or roadmap for deciding the pending motions?

- The Court distinguishes between motions related to discovery, which the parties might want decided prior to the settlement conference, versus motions that involve issues concerning accommodations the Samples have asked for, which may not need to be decided prior to the settlement conference.

- Mr. Samples agrees that it would be helpful to have the discovery issues resolved prior to the settlement conference.

- Ms. Perkins states that she does not have to have a ruling on any of the outstanding motions before engaging in settlement discussions. She thinks it might be helpful to have a ruling on the summary judgment motion before then, because the ruling might limit the issues that need to be addressed at settlement. But she does not think that a ruling on the summary judgment motion is necessary for the settlement conference to go forward.

- The Court asks whether there was anything else needing to be discussed which does not involve arguing any of the pending motions?

- Ms. Sample states only that they are prepared to go forward with the trial if there is no settlement.

- Mr. Sample asks if the Court plans to lift the restriction on the filing of motions?

- The Court states that it is very difficult for the Court to deal with any one motion when it is being bombarded with additional motions and notices raising the same or overlapping issues and arguments. Therefore, the Court will not be lifting the motion filing restriction until after it has ruled on the motions that are currently pending. If Plaintiffs feel they have an emergency, they can seek *leave to file* a motion. But they should not do so unless they are dealing with something that is extremely pressing in the sense of a true emergency.

- Mr. Sample states that he understands. He is concerned, however, with witness availability, stating that four witnesses are no longer employed at the property.

- The Court states that it intends to deal with the requests concerning discovery before the July 20 settlement conference. And if the case does not settle, we can move on to talk about how the case should go forward.

- Mr. Sample mentions that he has talked to the access coordinator, who was supposed to have reached out to Chambers about his request for accommodations, and asks what happened with that?

- The Court states that the access coordinator did reach out to his Chambers as well as the presiding judge, and notes that the request for accommodations is before the Court in the pending motions. Therefore, the accommodations issue will be addressed through a ruling on the motions if the parties are not able to settle the case.

- Ms. Perkins states that some of the outstanding discovery issues are making it difficult to meet upcoming deadlines for filing trial-related documents, so it would be helpful to have those issues resolved in the near future.

- The Court acknowledges Ms. Perkins' concern and refers to what it already has said about the pending discovery motions.

- There being nothing further, the Court adjourns.